UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case no. 4:16cv01256 PLC |
| MILLER'S CROSSING, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record.

American Family Mutual Insurance Company ("Plaintiff") filed this action seeking a declaration that certain liability insurance policies it issued to Miller's Crossing, LLC ("Defendant") covering the period from mid-2011 to mid-2016 provide no coverage of any claim filed by Heleodoro Banuelos and others similarly situated in Banuelos v. Miller's Crossing, LLC, Cause No. 4:15cv01202 RLW (E.D. Mo. filed Aug. 5, 2015). Plaintiff alleges this Court "has original [diversity] jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Compl. para. 6 [ECF No. 1 at 2].) Shortly after Plaintiff filed this action, Seth A. Albin, Trustee for Defendant's bankruptcy estate ("Trustee"), filed a notice suggesting "this action has been stayed by operation of 11 U.S.C. § 362" [ECF No. 5].

This Court "has jurisdiction to determine not only its own jurisdiction but also . . . whether the proceeding pending before it is subject to the automatic stay [in bankruptcy]." Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litigation), 765 F.2d 343, 347 (2d Cir. 1985). Therefore, this Court has jurisdiction to ascertain whether there is diversity

jurisdiction here, and whether this lawsuit is subject to the automatic stay in bankruptcy, as suggested by the Trustee.

## *I. Subject Matter Jurisdiction.*

"Federal court diversity jurisdiction . . . requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). To satisfy the requirement of complete diversity, "*each* defendant [must be] a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). Importantly, a limited liability company's citizenship is the citizenship of all its members. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

Here, Plaintiff's allegations are insufficient to establish complete diversity. Plaintiff alleges it is incorporated and has its principal place of business in Wisconsin; and that diversity jurisdiction exists because it is a citizen of Wisconsin and Defendant is a citizen of Missouri. (Compl. paras. 1, 2, and 4 [ECF No. 1].) In support of its position that Defendant is a citizen of Missouri, Plaintiff alleges that Defendant "is a limited liability company organized and existing under the laws of the State of Missouri and duly authorized to do business in the State of Missouri." (Id. para. 3.) This allegation does not identify any of Defendant's members or the state of citizenship of each of Defendant's members. No other allegation, and nothing else available of record, provides this missing information regarding Defendant's membership and its membership's state(s) of citizenship. Without the required information for each of Defendant's members, the Court is unable to determine whether complete diversity exists and whether the Court has subject-matter jurisdiction over Plaintiff's action.

*II. Bankruptcy Stay*

The Trustee urges this matter is subject to the automatic stay in bankruptcy based on his characterization of this proceeding as "founded on a claim from which a discharge would be a release or [one] that seeks to impose a charge on the property of the estate."  Trustee does not provide an explanation of his position regarding the stay.  Plaintiff has not responded to the Trustee's notice.  It is not clear to the Court that the automatic stay in bankruptcy under 11 U.S.C. § 362 applies to this case.

After careful consideration,

**IT IS HEREBY ORDERED** that, within thirty days of the date of this order, Plaintiff shall provide, in writing, (a) the identity and state(s) of citizenship of each member of Defendant; and (b) its position on the Trustee's notice that this proceeding is subject to the automatic bankruptcy stay.  Failure timely to provide information to establish this Court's diversity jurisdiction or to demonstrate the inapplicability of the automatic bankruptcy stay may result in the dismissal without prejudice of this action for lack of subject matter jurisdiction or a stay of this proceeding due to Defendant's bankruptcy.

**IT IS FURTHER ORDERED** that the Trustee may file a reply to Plaintiff's position on the bankruptcy stay within fourteen days after Plaintiff files its response to this order.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall provide the Trustee a copy of this order either electronically or by other reasonable means through the contact information he provided on the notice he filed in this case [ECF No. 5].

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of September, 2016.